June 4.
The PRESIDENT
delivered the opinion of the Court. †
The Chancellor was mistaken in supposing, when he dissolved the Injunction in this case, that the cases in 3 Rand, on like subjects, had escaped the notice of the Judges of the Court of Appeals. A more attentive consideration of those cases would have conducted him to a different conclusion. Though there is some little diversity of opinion, whether peculiar value of slave property ought to be stated in the Bill, praying relief in such cases, yet the result of the cases is, that when that matter is alleged in the Bill, as in the case now before us, an Injunction ought to be awarded, although the party might recover damages at Law for the abduction of his property, and possibly the property itself, in an action of Detinue. But, in the case of Randolph v. Randolph, ante, 194, by a full Court on a re-view of those cases, and to settle the Law, it has been decided, that in every case in which the owner of slave property, as in the case now before us, applies to a Court of Equity, he will be entitled to an injunction, and if he makes out his case, he will be entitled to relief, though he neither alleges, nor proves peculiar value of the property. The Decree dissolving the Injunction in this case is, therefore, reversed, and the Injunction re-instated.

Absent, Jots® Grebn.